**WINDELS MARX LANE & MITTENDORF, LLP**
*Proposed Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000
Attorneys appearing: Alan Nisselson (anisselson@windelsmarx.com)
Leslie S. Barr (lbarr@windelsmarx.com)
Erin Zavalkoff-Babej (ezavalkoff-babej@windelsmarx.com)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                :
                    :  Chapter 7
NY INNER CITY CHICKEN, INC.,    :
a/k/a POPEYE'S CHICKEN,       :  Case No. 109-40001 (JBR)
                    :
      Debtor.        :
-------------------------------------------------------------x

### OBJECTION OF TRUSTEE TO EMERGENCY MOTION FOR RELIEF FROM STAY FILED BY AFC ENTERPRISES, INC.

TO THE HONORABL JOEL B. ROSENTHAL,
UNITED STATES BANKRUPTCY JUDGE:

Alan Nisselson (the "**Trustee**"), trustee for the chapter 7 estate of NY Inner City Chicken, Inc., a/k/a Popeye's Chicken (the "**Debtor**"), by his undersigned counsel, hereby objects to the relief sought by AFC Enterprises, Inc.("**AFC Enterprises**") in its *Emergency Motion Pursuant to Local Rule 9077-1(c) for an Order Shortening the Time for a Hearing on Motion for Relief from the Automatic Stay* (the "**Motion for Stay Relief**"), filed on March 30, 2011 [Docket No. 161], and in support, states as follows:

1.  On January 2, 2009 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.  Prior to and after the Petition Date, the Debtor's principal business was to own and operate a Popeye's Chicken & Biscuits Restaurant Franchise located at 850

{10634556:2}

Pennsylvania Avenue, Brooklyn, New York (the **"Premises"**), as franchisee under a "Popeye's Chicken & Biscuits Restaurant Franchise Agreement" with AFC Enterprises as franchisor (the "**Franchise Agreement**").

3. On March 14, 2011, the Court entered an Endorsed Order converting the case from chapter 11 to chapter 7. [Docket No. 153]. Also on March 14, 2011, the U.S. Trustee filed a notice appointing Alan Nisselson as Trustee [Docket No. 155].

4. On March 23, 2010, the Trustee procured and entered into a letter agreement (the "**Letter Agreement**") with Rahman Hashimi of 42 Holiday Pond Drive, Jericho, New York (the "**Purchaser**"), whereby the Trustee will sell to the Purchaser substantially all of the Assets of the Debtor's estate, comprised of the Popeye's Chicken & Biscuits Franchise located at the Premises, all of the Debtor's inventory, restaurant equipment, spare parts, the lease for the Premises, the Franchise Agreement, permits, telephone numbers, fax numbers, and any other assets not defined as "**Excluded Assets**"[1] for the sum of $300,000.00, plus payment of all fees due the Franchisor (the "**Transfer Fees**").[2] The Purchaser has advised the Trustee that he is a current Popeye's restaurant franchisee, and has delivered to the Trustee a deposit in the sum of $75,000.

5. The Trustee has engaged in extensive discussions with the attorneys for the Bank of America, the Debtor's secured lender with a lien on all of its assets, and recently reached an agreement in principle regarding the disposition of sale proceeds, and

---

[1] The Excluded Assets are (i) the Debtor's cash on hand and accounts receivable; (ii) any equipment subject to lease obligations or any other secured claims that the Lessor or secured creditor has not consented to sell; and (iii) all causes of action belonging to the Debtor's bankruptcy estate under chapter 5 of the Bankruptcy Code.

[2] The sale will be subject to higher or better offers, as more fully set forth in a Sale Motion to be filed by the Trustee and described below, an auction shall be conducted at the Bankruptcy Court before the Sale Hearing if at least one other offer is received by the Trustee in an amount not less than $330,000.

for a carve out for the benefit of the estate. The Trustee has also extensively discussed the issues regarding the assumption and assignment of the Lease for the Premises with counsels for the present and former owners of the Premises, and believes that they have an agreement in principle as well.

6. Although the respective attorneys for the Trustee and AFC Enterprises discussed the Letter Agreement, the Purchaser, and the amount of the Transfer Fees that would be required to assume and assign the Franchise Agreement, on March 30, 2011, AFC Enterprises filed the Motion for Stay Relief.

7. The Trustee intends to promptly file with the Court a Motion (the "**Sale Motion**") for an Order, among other things, authorizing the Trustee to sell, subject to higher or better offers at an auction sale, the Debtor's Assets, to assume and assign the lease for the Premises and the Franchise Agreement, to approve the agreement with the Bank, and to request that the Court schedule a hearing, on shortened notice, for approval of the sale before the end of April 2011 ("**Sale Hearing**").

8. The Trustee believes that the Motion for Stay Relief should be denied without prejudice, or at the very least, adjourned to the Sale Hearing date, because the relief that he will request in the Sale Motion is in the best interests of the Debtor's estate, all creditors and parties in interest, including AFC Enterprise. Among other things, the sale of the Debtor's business and related assets to the Purchaser, or to a bidder who makes a higher or better offer, will allow AFC Enterprise to replace the Debtor with an existing performing franchisee who will provide assurance of performance, as well as pay to AFC Enterprise the full amount of all of the Transfer Fees that it is due. The Sale Motion will represent the best and most expedient way to resolve the issues raised by

AFC Enterprise in its Motion for Stay Relief because even if it is permitted to terminate the Franchise Agreement, it would not be able to install another franchisee as quickly as the Trustee will, and certainly not without the consent of the owner of the Premises. At the very least, AFC Enterprise would not suffer any significant delay from an adjournment of its Motion for Stay Relief (currently scheduled for April 12, 2011), because the Trustee is requesting that the Sale Hearing be scheduled for a date before the end of April 2011. Accordingly, the Motion for Stay Relief should be adjourned to the Sale Hearing date to be fixed by the Court.

**WHEREFORE**, the Trustee requests that the Court enter an Order denying the Motion for Stay Relief without prejudice, pending the conclusion of the Sale Hearing, and granting such other and further relief as is just.

Dated: New York, New York
April 7, 2011

Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**

By: /s/ Alan Nisselson
Alan Nisselson (anisselson@windelsmarx.com)
Leslie S. Barr (lbarr@windelsmarx.com)
Erin Zavalkoff-Babej (ebabej@windelsmarx.com)
156 West 56th Street
New York, New York 10019
(212) 237-1000

*Proposed Attorneys for Alan Nisselson,
Chapter 7 Trustee of NY Inner City Chicken, Inc.,
a/k/a Popeye's Chicken*