

# WINDELS MARX
Windels Marx Lane & Mittendorf, LLP

windelsmarx.com

Alan Nisselson
212.237.1000
lbarr@windelsmarx.com

156 West 56th Street | New York, NY 10019
T. 212.237.1000 | F. 212.262.1215

March 23, 2011

Rahman Hashimi
42 Holiday Pond Drive
Jericho, NY 11753
516.770.4500

Re:   **Letter Agreement Regarding Sale of Popeye's Chicken and Biscuits Franchise
NY Inner City Chicken, Inc., a/k/a Popeye's Chicken (the "Debtor")
Chapter 7, Case No. 09-40001 (JBR)
Our file no. 304639/0001**

Dear Mr. Hashimi:

I am the duly appointed Trustee for the above-referenced Debtor's bankruptcy case, which is pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). The terms and conditions of this letter agreement are subject to Bankruptcy Court approval.

In consideration for you having made a bid to purchase the assets of the Debtor's estate comprised of the Popeye's Chicken and Biscuits Franchise located at 850 Pennsylvania Avenue, Brooklyn, New York for the sum of $300,000 plus the payment of all transfer fees to the franchisor AFC Enterprises, Inc. or its designee (the "Bid"), the Trustee shall (i) use the Bid as an initial bid at any Bankruptcy Court hearing for approval of higher or better offers for the sale of the assets (the "Hearing"), (ii) make the next highest bid at any Hearing in an amount at least 10% higher than the Bid, and (iii) to the extent that the Bid, or any higher or better bid that you might make at the Hearing, is not accepted as the highest or best bid for the assets, the Trustee will use his reasonable efforts to obtain Bankruptcy Court approval of a "break-up fee" equal to 5% of the Bid or any higher bid that you made at the Hearing, payable solely from the proceeds of any such sale to the successful bidder.

If you are the successful bidder, you agree to close the purchase and sale within five days after the Bankruptcy Court enters an Order approving the sale, TIME OF THE ESSENCE. The transfer of the assets will be made "AS IS", "WHERE IS", and "with all faults," and subject to all easements and covenants of record, and without any representation or warranty of any kind or nature whatsoever, whether express or implied, including, without limitation, any warranties as to title, suitability for any purpose, merchantability and any other warranties or representations as to the ownership, physical condition, quality or quantity of them, all of which is expressly disclaimed. The closing is not contingent upon financing to consummate a sale or to the

{10631147:2}



Rahman Hashimi
March 23, 2011
Page 2

outcome of unperformed due diligence, and the consideration to be paid for the assets shall be in cash or cash equivalent at closing. You shall pay any County, State, or other tax, including real property transfer taxes, incurred by the transfer of the Debtor's assets from the estate to you at the closing.

The Trustee reserves the right in his sole discretion to withdraw any or all of the Debtor's assets from the sale if the circumstances indicate that the Debtor's estate would benefit by such withdrawal.

By signing and returning this letter agreement to me, together with a deposit in an amount equal to 25% of the Bid (i.e., $75,000), you acknowledge and agree to the terms hereof. The deposit may be made by delivering to me at the address above a certified check or bank check, letter of credit or other cash equivalent payable to (or in the case of a letter of credit, for the benefit of) "Alan Nisselson, Trustee". The deposit will be applied to the purchase price at closing of the sale, and will be non-refundable except if the Trustee defaults in closing the sale. If for any reason you fail to timely close the sale, you will forfeit the deposit (together with all interest or investment income earned thereon) to the Trustee as liquidated damages. In the event that the Trustee does not consummate the sale or execute and deliver the closing documents, his sole liability will be for the return of the deposit with interest, if any. In addition, this letter agreement is subject to further agreement between the Trustee and Bank of America, the Debtor's secured lender. Accordingly, if such agreement is not obtained within three weeks, your deposit will be returned to you.

Sincerely yours,

Alan Nisselson, Trustee

ACKNOWLEDGED AND AGREED:

By: _____
Its:

RAHMAN HASHIMI

{10631147:2}